IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAVID C. ALVERSON                                                                                  PETITIONER

v.                                              No. 4:24-cv-00725-BSM-JTK

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

David C. Alverson seeks *habeas* relief from the state court judgment in 17CR-22-944 entered by the Crawford County Circuit Court. He entered a negotiated plea of guilty to manslaughter for causing the death of his nephew, Jacob Jones, and for methamphetamine possession. He was sentenced as a habitual offender to concurrent terms of fifteen years' imprisonment with imposition of an additional fifteen-year suspended sentence for the manslaughter conviction. The trial court ordered the concurrent sentences to run concurrently with

Alverson's fifteen-year sentence for methamphetamine possession in 17CR-15-712. (Doc. Nos. 7-3 & 7-2 at 9). Alverson did not seek post-conviction relief in state court. He has filed a timely *habeas* petition (Doc. No. 2) and Dexter Payne has responded. (Doc. No. 7). The undersigned recommends that the petition be denied and dismissed with prejudice based on procedural default.

## II.   BACKGROUND

In exchange for Alverson's guilty plea, the State agreed to *nolle prosse* a count of introduction of a controlled substance into the body of another and to not seek the maximum penalties. (Doc. No. 2-4 at 4-5). At the plea and sentencing hearing, Alverson stated on the record he understood that the maximum sentences for the charged crimes, he had the right to plead not guilty and have a trial, and that, by entering a guilty plea, he was giving up his right to a jury trial. (Doc. No. 7-2 at 4-8). He responded that no one had forced him to enter a guilty plea or made any threats or promises to induce his plea. (*Id.*) He said that he had reviewed the plea papers with his trial lawyer, and that his lawyer answered any questions that he had. (*Id*. at 6.) Alverson responded that he voluntarily and willingly entered into the plea agreement with the State and understood that he was being sentenced to concurrent fifteen-year terms. (*Id.* at 6-7.)

The prosecutor then presented the factual basis for the plea:

On or about the date alleged in the State's information, if this were to go to trial, there's a video whereby my client and another person are in the back seat of a Van Buren Police Department vehicle. My client lifts his leg, says I have—I believe he says a rock at one point in reference to methamphetamine. The passenger in the— the other passenger takes that item and swallows it, and during the commission of that felony, the other person ultimately dies as a result of methamphetamine toxicity. And the—sorry. My client also stated—sorry. That he was in—and it was possession—there was methamphetamine, less than 2 grams.

(*Id.* 7-2 at 7–8.) The trial court found that there was a factual basis for the plea and that Alverson was entering the plea knowingly, willingly, and voluntarily. The court then found

Alverson guilty of manslaughter and methamphetamine possession and sentenced him based on the prosecution's recommendation.

### III.   DISCUSSION

On *habeas* review, Alverson alleges that, when he and Jones were arrested by Van Buren police officers on misdemeanor warrants, they were searched, handcuffed, and placed in the patrol car. He says that Jones "retrieved empty bags from the seat of the patrol car." (Doc. No. 2 at 4). Alverson says that, because he was handcuffed and therefore could not move around, Jones put the "empty bags" in his (Alverson's) mouth. (*Id.*) He says that, after he gagged and spit out the bags, Jones but the bags in his own mouth and swallowed them. After the two were booked into the county jail, Jones was taken to the hospital where he died. An autopsy revealed a ruptured bag of methamphetamine in Jones's stomach; the cause of death was methamphetamine toxicity. Alverson says that patrol car video would support his allegations that he did not give Jones the drugs to ingest.

Alverson, a state prisoner, may seek a writ of *habeas corpus* in federal court, if he is "in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a). Before seeking *habeas* review, Alverson must have exhausted available state remedies by fairly presenting each of his claims in state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by involving one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

A claim is procedurally defaulted when the state court declined to review it because the petitioner failed to comply with a state procedural rule. *Coleman,* 501 U.S. at 729–32. Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is

no longer available. *O'Sullivan*, 526 U.S. at 848. If a claim is procedurally defaulted, this Court can consider it only if Alverson establishes either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Alverson appears to raise three claims: (1) ineffective assistance of trial counsel, (2) coercion of his guilty plea, and (3) actual innocence or insufficient evidence to support a factual basis for the guilty plea. Alverson raises the claims for the first time on *habeas* review and no non-futile remedy remains available in state court. *O'Sullivan*, 526 U.S. at 848. The undersigned therefore recommends a finding that the claims are procedurally defaulted.

Alverson says cause exists to excuse procedural default because, when he was in the county jail awaiting a prison transfer, he could not get the appropriate Rule 37 "form" and did not have access to the procedural rules. He says "[n]o one knew the time limits nor the filing requirements." (Doc. No. 2 at 6). Alverson says that he was transferred to prison the day after the limitations period for filing a Rule 37 petition ended. *Pro se* petitioners are not excused from compliance with substantive and procedural law. *Brown v. Frey,* 806 F.2d 801, 804 (8th Cir. 1986). Under well-established law, a *pro se* litigant is still charged with knowing the law relevant to his habeas claims, and he cannot fault others for "misinforming" him about the law. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Johnson v. Hobbs,* 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris,* 390 F.3d 595, 597–98 (8th Cir. 2004); *Weeks v. Bowersox,* 106 F.3d 248, 249 (8th Cir. 1997); *Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir.1992). The undersigned concludes that Alverson has not demonstrated cause to excuse procedural default; he has not shown any external impediment to raising his claims in state court. *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Alverson also says that he is actually innocent of manslaughter. If proven, actual innocence is a gateway to considering procedurally defaulted claims. Alverson must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of new evidence." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). He must come forward with new reliable evidence that "was not available at trial and could not have been discovered with due diligence." *Kidd v. Norman,* 651 F.3d 947, 951–54 (8th Cir. 2011).

Alverson says camera footage from the police vehicle would show that Jones retrieved the bags and put them in his mouth and that "any ingestion of drugs was done on his [Jones's] own volition." (Doc. No. 2 at 6). The camera footage, however, was available to Alverson and his lawyer at the time that Alverson entered his guilty plea. The undersigned concludes Alverson has not pointed to any new reliable evidence of actual innocence and therefore has not overcome procedural default.

Though the undersigned recommends dismissal of the claims based on procedural default, the claims fare no better under alternative merits analysis. The undersigned concludes that Alverson has failed to demonstrate a constitutional violation.

Alverson says that, after he twice refused a plea deal, a new public defender was appointed to represent him. His conclusory statement that he "was not given proper assistance by counsel" is not a sufficiently developed claim for *habeas* review. (Doc. No. 2 at 13). Alverson also says his trial lawyer coerced him into pleading guilty to possession of methamphetamine, even though he was not charged with the offense. His allegation, however, is contradicted by the amended information, filed six months before the plea and sentencing hearing, which charges him with possession of methamphetamine. (Doc. No. 7-7). Alverson says his new lawyer "dissuaded me from going to jury trial and started negotiating a plea deal." (Doc. No. 2 at 5). He states that he

was "supposed to plea no contest" at the plea hearing. (*Id.*) He says that, when his lawyer "started changing the plea agreement," he asked if he could plead not guilty. (Doc. No. 2 at 5). There is no evidence of coercion or Alverson's opposition to the plea agreement in the hearing transcript. (Doc. No. 7-2). Faced with an aggregate maximum sentence of eighty-five years' imprisonment, Alverson opted to plead guilty in exchange for the prosecution's recommendation of concurrent terms of fifteen years' imprisonment to be served concurrently with a fifteen-year sentence imposed in another case. The undersigned concludes that Alverson has not demonstrated his lawyer's deficient performance and the resulting prejudice under the familiar *Strickland v. Washington* standard, 466 U.S. 668 (1984); and therefore, recommends denial of the ineffectiveness claim under alternative merits analysis.

Alverson also argues that his guilty plea was coerced. "To be valid, a guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant, and the defendant must possess an understanding of the law in relation to the facts." *Wilkins v. Bowersox,* 145 F.3d 1006, 1015 (8th Cir. 1998). Alverson says the trial judge threatened to sentence him to eighty-five years' imprisonment if he did not plead guilty, so he complied. But he is apparently referring to the trial court's reading of the maximum penalties for manslaughter and methamphetamine possession based on Alverson's habitual offender status and the court's query about Alverson's understanding of the penalties. (Doc. No. 7-2 at 4–5). Alverson also says that he did not receive the prosecutor's report about him handing the drugs to his nephew until after the hearing, and that the statement is a lie. The Prosecutor's Report/Penitentiary Synopsis includes the Prosecutor's Synopsis Of Crime, which states that Alverson "gave one of the [methamphetamine] bags to Jacob Jones to swallow." (Doc. No. 7-6 at 3). Under Arkansas law, the Report, including the circumstances of the crime and mitigating and aggravating factors, is

prepared by the prosecutor for the sole use of the Arkansas Department of Correction and is included in the prisoner's commitment papers. Ark. Code Ann. § 12-27-113(c); *Boothe v. State,* 2020 Ark. App. 193, *1 n.2, 598 S.W.3d 546, 548 n.2. It is true that the Prosecutor's Synopsis points to more intentional action by Alverson than the prosecution's recitation of the factual basis for the plea at the hearing (Doc. No. 7-2 at 7–8), but the Report would not have been part of the plea negotiations or used as a coercion tool. Alverson says that he "never had a chance" because his family filed a wrongful death action against Crawford County for Jones's death. (Doc. No. 2 at 13–14). However, he does not develop any argument that a wrongful death action was used to coerce him into entering a guilty plea. Without specific factual allegations of coercion or inducement, a state court's finding that the petitioner entered his plea voluntarily is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *Weeks v. Bowersox,* 106 F.3d 248, 251 (8th Cir. 1997). As Alverson made no such allegation here, the trial court's finding that his guilty plea was knowing and voluntary is entitled to the presumption. (Doc. No. 7-2 at 9). The record reflects that Alverson understood the charges against him and the consequences of pleading guilty. The undersigned therefore recommends denial of the coercion claim under alternative merits analysis.

Alverson argues that he is actually innocent of manslaughter as a standalone claim. Even if a freestanding claim of actual innocence exists, the threshold for proving the claim is higher than the gateway standard for allowing consideration of procedurally defaulted claims. *House v. Bell*, 547 U.S. 518, 554–55 (2006). Because the undersigned concludes Alverson has not satisfied the demanding gateway standard, the recommendation is that any standalone claim be denied for the same reasons.

7

To the extent Alverson's actual-innocence claim is an argument that an insufficient factual basis existed to support his guilty plea, the undersigned concludes the outcome is the same. Because a criminal procedural rule, not the federal Constitution, requires a factual basis to support a guilty plea, a claim raising an insufficient factual basis is not cognizable *habeas* claim unless the guilty plea was accompanied by a claim of actual innocence. *Wabasha v. Solem,* 694 F.2d 155, 157 (8th Cir. 1982) (citations omitted). *See North Carolina v. Alford,* 400 U.S. 25, 38 n.10 (1970) ("[V]arious state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea; and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence.") (citations omitted)). Here, Alverson pled guilty to the manslaughter charge absent any claim of innocence. (Doc. No. 7-2 at 8–9). The undersigned therefore recommends denial of the insufficiency claim.

Even if a factual basis was constitutionally required, the recommendation is the same. Alverson must overcome the presumption of correctness afforded the trial court's finding that the prosecutor offered a sufficient factual basis for his guilty plea. *Moore v. Armontrout,* 928 F.2d 288, 292–93 (8th Cir. 1991). *See also* 28 U.S.C. § 2254(e)(1). He was convicted of committing manslaughter in violation of Ark. Code Ann. § 5-10-104(a)(3). (Doc. No. 7-3). A person commits manslaughter if he recklessly causes the death of another person. Ark. Code Ann. § 5-10-104(a)(3). "A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur." Ark .Code Ann. § 5-2-202(3)(A). "The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." Ark. Code Ann.

§ 5-2-202(3)(B). The facts set forth at the hearing established that Alverson encouraged Jones to ingest the bag of methamphetamine concealed on his (Alverson's) body and that Jones's cause of death was methamphetamine toxicity. The undersigned therefore recommends denial of the claim because Alverson has not overcome the presumed correctness of the trial court's finding that there was a factual basis supporting Alverson's plea.

### IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:  (1) Alverson's Petition for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice, Doc. No. 2; and (2) that no certificate of appealability shall issue.

Further, Alverson has filed a Motion for a Status Report (Doc. No. 16), as this Recommendation has been entered his pending motion has been DENIED.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE


<u>September 30, 2025</u>
DATE